UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARGARET CHASTAIN** | * | CIVIL ACTION NO.: 21-1581 |
| **plaintiff** | * | SECTION: |
| **versus** | * | JUDGE: |
| **NEW ORLEANS PADDLEWHEELS, INC** | * | MAGISTRATE: |
| **defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

New Orleans Paddlewheels Inc., through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove this action bearing case number 21-0990, Div. "D' on the docket of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is properly between citizens of different states. The grounds for removal are as follows:

1.

According to the Petition for Damages, plaintiff, Margaret Chastain, is a person of the full age of majority and a citizen of the State of Tennessee.

2.

Defendant, New Orleans Paddlewheels, Inc., is a domestic corporation duly organized under the laws of the State of Louisiana and having its principal place of business in the State of Louisiana.

1

3.

Plaintiff filed her suit on July 12, 2021. As of the date of filing this Notice of Removal, the registered agent for defendant, New Orleans Paddlewheels Inc., has not been properly served with the Petition.[1] (See attached Unsworn Declaration of Mr. Craig Smith attached as Exhibit A).

4.

Although New Orleans Paddlewheels, Inc., is a citizen of Louisiana, the state in which this action was brought, plaintiff had not properly served New Orleans Paddlewheels, Inc., registered agent as of the time of filing this Notice of Removal. Thus, pursuant to 28 U.S.C. § 1441(b) and applicable case law, the case is properly removable. *See* 28 U.S.C. § 1441(b)(2) (the forum defendant rule only prohibits removal if the plaintiff has "*properly joined and served*" a forum state defendant); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that a forum state defendant, which was the sole defendant in the defendant in the case, properly removed action to federal court before the plaintiff it with the complaint); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair"); *Encompass*, 902 F.3d at 152–54 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship ***only*** when the defendant

---

[1] New Orleans Paddlewheels Inc's registered agent, Mr. Craig Smith, was not personally served with the lawsuit as required under Louisiana Code of Civil Procedure Article 1266. See *Rabito v. McClain Investments*, LLC, 318 So.3d 1056, (La. App. 4 Cir. 1/23/19).

has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result" (emphasis added).

5.

*Texas Brine Co. v. American Arbitration Ass'n*, 955 F. 3d 482 (5th Cir. 2020) held a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state. Not long after the Fifth Circuit decided *Texas Brine*, a judge in the Southern District of Texas addressed whether the removal statute allows a **forum** defendant to snap remove a case from state court based upon diversity. In *Latex Construction Company v. Nexus Gas Transmission, L.L.C.*, 2020 WL 3962247, (S.D. Tex. July 13, 2020), a Southern District of Texas court denied the motion to remand and held:

> The plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant be served before effecting removal of a case from state court. Construing § 1141(b)(2) to permit a resident of the forum state to snap remove a case before that defendant has been served with process, where that defendant . . . is the only named defendant, is not an absurd result. *Latex Construction Company v. Nexus Gas Transmission, L.L.C.,* 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020). See also, *Serafini v. Southwest Airlines Co.,* 485 F. Supp. 3d 697, 703 (N.D. Tex. 2020).

6.

This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest, and it is a civil action between citizens of different states. There is complete diversity of citizenship between plaintiff and defendant.

7.

Under 28 U.S.C. § 1446(c)(2)(A)(ii), New Orleans Paddlewheels Inc., asserts that the amount in controversy in this matter exceeds $75,000.00, exclusive of interests in costs. New Orleans Paddlewheels Inc. makes this assertion in good faith in light of the injuries for which plaintiff seeks to recover.  Plaintiff seeks recovery for multiple alleged injuries including mild traumatic brain injury, inner ear symptoms, trauma induced hearing loss in her left ear, vertigo, dizziness, headaches, post-concussion sequela (syndrome), possible future surgery to ablate her semicircular canal function,  and she has incurred past medicals to date totaling $45,333.00 and an estimated $39,000.00 in future medicals over her thirteen year life expectancy. Furthermore, a factor to be considered is the plaintiff's settlement demand is $562,333.00. See attached as Exhibit B the settlement demand letter dated March 23rd, 2021.

8.

Plaintiff has not included any stipulation that her damages do not exceed $75,000.00, exclusive of interest and costs nor has she plead a specific amount of damage other than her damages exceed $50,000.00 exclusive of interest and costs.  Although La. Code Civ. P. Art. 893 precludes a party from pleadings a specific monetary amount of damages, when a specific amount of damages is necessary to confer jurisdiction, establish the right to a jury trial, or disavow federal court jurisdiction, then ". . . a general allegation that the claim exceeds or is less than the requisite amount is required".  Here, the Petition contains no such limitation. See *Chambers Med. Found. v. Chambers*, 05-786, 2006 U.S. Dist. LEXIS 49292, 2006 WL 1895479, at 2 n. 3 (W.D. La. 01/23/2006), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938) ("In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks

less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id.*

9.

The Petition contains no such limitation other than her damages exceed $50,000.00 exclusive of interest and cost.  Failure to do so creates a presumption that the jurisdictional amount necessary to confer jurisdiction is present. Moreover, "[d]istrict courts within this Circuit have held that the absence of such an allegation amounts to a 'tacit concession' that 'the damages sought by the plaintiff exceed $75,000.'" *Pooley v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 93637, 2013 WL 3356873 (E.D. La. 07/03/2013), citing *Kerr v. State Farm Fire & Cas. Co.,* 11-113, 2011 U.S. Dist. LEXIS 59101, 2011 WL 2160871, at 2 (M.D. La. 06/01/2011). Given the court's strict adherence to the pleading requirements set forth in La. Code Civ. Proc. Art. 893 and the clear lack of any jurisdictional statement in the Petition, plaintiff has in effect, conceded that the requisite jurisdictional amount is in controversy.

10.

Where a plaintiff fails to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Thus, based on plaintiff's allegations of personal injuries and other damages, New Orleans Paddlewheels, alleges in good faith that the amount in controversy exceeds the jurisdictional minimum. See *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240

(5th Cir. 2015) (removing defendant may satisfy amount-in-controversy requirement by showing amount is "facially apparent" from complaint).

11.

"It is a general rule that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar,* 47 F. 3d at 1408 (quoting *St. Paul Mercury Indem Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' *Id.* at 1410; see *Pendleton v. Parke-Davis,* 2000 WL1808500 (E.D. La. 2000); see also *Shaffer v. Palm Harbor Homes, In*c., 328 F. Supp. 2d 633,635 (N.D. Miss. 2004); *Hood v. Gulf States Pipeline C*orp., 2006 WL 548625 (W.D. La. 2006).

12.

In *Grant,* the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth <u>the facts</u> in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." (Internal citations omitted.) (*Emphasis in original.*)

13.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction

6

only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." *Grant*, 309 F. 3d at 869, quoting De Aguilar, 47 F. 3d at 1412; see also *Hood v. Gulf States Pipeline Corp.,* 2006 WL 548625, (W.D. La. 2006).

14.

While defendant admits no liability nor any element of damages, under the rules of *DeAguilar* and *Grant*, New Orleans Paddlewheels Inc., has met its burden of showing by preponderance of evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS. New Orleans Paddlewheels Inc. has met this requirement by demonstrating that the claims are facially apparent to exceed $75,000 and has producing summary judgment type evidence (Ex. B Settlement Demand letter) to show that the amount in controversy exceeds $75,000. *Michael v. Blackhawk Transport, Inc.*, 2019 WL 549610, at *1 (E.D. La. 2019) (Africk, J.) (citing *Manguno,* 276 F.3d at 723).

15.

The Petition was filed on July 12, 2021 and New Orleans Paddlewheels Inc.'s agent has not been properly served as of the date of the filing of this Notice of Removal. As a result, this Notice of Removal is timely.

16.

Pursuant to 28 U.S.C. §1446(a), defendant attaches as Exhibit C a certified copy of the state court record currently as of the date of this removal.

17.

Pursuant to 28 U.S.C. §1446(d), defendant has provided the appropriate notice of filing of this notice of removal to counsel for the plaintiff and to the Clerk of Court of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

18.

WHEREFORE, defendant, New Orleans Paddlewheels, Inc., hereby gives notice that the proceeding bearing number 2021-0990 Div "D" on the docket of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law. Removing defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

*[signature: Elton F. Duncan III]*

_____
**ELTON F. DUNCAN, III, T.A. (LA 14967)**
**KELLEY A. SEVIN (LA 25871)**
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
*Attorneys for Defendant, New Orleans Paddlewheels, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 19th August, 2021.

*/s/ Elton F. Duncan III*

_____