UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET CHASTAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1581** |
| **NEW ORLEANS PADDLEWHEELS, INC.** | **SECTION D (5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Margaret Chastain's Motion to Remand.[1] Defendant New Orleans Paddlewheels, Inc. has filed a Response.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

I.     FACTUAL BACKGROUND

On March 4, 2020, Plaintiff Margaret Chastain, a citizen of the State of Tennessee, was a fee-paying passenger aboard the M/V Creole Queen, a passenger vessel owned and operated by New Orleans Paddlewheels, Inc.[3] While aboard the M/V Creole Queen, the vessel was cruising down the Mississippi River to the Chalmette Battlefield just outside New Orleans.[4] As the ship was preparing to dock at the Chalmette Battlefield, Ms. Chastain began to descend an interior stairway.[5] The vessel "violently jolted as it struck the mooring facility causing her [Ms.

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 1-4.
[4] *Id.*
[5] *Id.*

Chastain] to lose her balance and tumble down the stairs, striking her head and other parts of her body in the process."[6]

On July 12, 2021, Ms. Chastain filed suit in the 34th Judicial District Court, Parish of St. Bernard and specifically requested service on Defendant through its agent of service.[7] On August 4th, 2021, Orleans Parish Deputy Sheriff Keith Claiborne left the Citation and Petition for Damages with an employee of New Orleans Paddlewheels Inc., after being told the agent for service of process, Craig Smith, was not in the office that day.[8] On August 19, 2021, Defendant New Orleans Paddlewheels, Inc., filed a Notice of Removal based upon 28 U.S.C. §§ 1332, 1441 and 1446.[9]

In its Notice of Removal, Defendant maintains this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is properly between citizens of different states.[10] Defendant asserted that although it is a citizen of Louisiana, the case is removable because it had not been properly served as of the date it filed its

---

[6] *Id.*
[7] *Id.* The Court notes that Plaintiff was injured on March 4, 2020 and this lawsuit was not filed until July 12, 2021. The state of Louisiana suspended prescription from March 17, 2020 until July 5, 2020 by executive order. *See* Proclamation 75 JBE 2020. However, the legislature later narrowed that suspension, enacting La. R.S. 9:5829, which provides: "the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020." *See* La. R.S. 9:5829. Thus far, the parties have not raised any statute of limitations issue.
[8] R. Doc. 8-1.
[9] R. Doc. 1.
[10] *Id.* As stated above, Plaintiff Ms. Chastain is a citizen of Tennessee. Defendant New Orleans Paddlewheels, Inc. is incorporated in Louisiana and has its principal place of business there as well. Plaintiff admits there is complete diversity and that the amount in controversy exceeds the sum of $75,000. *See* R. Doc. 6-2.

Notice of Removal.[11] Defendant asserts that 28 U.S.C. § 1441(b)(2) (commonly referred to as "the forum defendant rule") only prohibits removal if the plaintiff has "properly joined and served" a forum state defendant.[12] Defendant advises that, since it has not been properly served in this matter, there is no prohibition against removal. In support, Defendant cites both Second and Third Circuit cases that have allowed a forum state defendant, which was the sole defendant in the case, to remove an action to federal court before the plaintiff served it with the complaint.[13]

Plaintiff has filed a Motion to Remand.[14] Plaintiff argues that the Fifth Circuit's decision in *Texas Brine v. Am. Arbitration Ass'n.* ("*Texas Brine*") only allows *non-forum* defendants to remove a case prior to service on the forum defendant, known as "snap removal," but has not been extended to a case where, as here, the *forum* defendant itself filed the Notice of Removal.[15] Plaintiff contends that the removal statute should be strictly construed to prevent rewarding "gamesmanship" by a forum defendant.[16] Further, Plaintiff contends that the removal statute, 28 U.S.C § 1441, was designed to protect foreign defendants from potential prejudice in

---

[11] *Id.* Defendant attached a sworn statement from its registered agent, Craig Smith, in which Mr. Smith states he has not been served with a copy of the Citation or Petition.
[12] *See* R. Doc. 1 (citing 28 U.S.C. § 1441(b)(2)).
[13] *Id.* (citing *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that a forum state defendant, which was the sole defendant in the case, properly removed action to federal court before the plaintiff served it with the complaint); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair"); *Encompass*, 902 F.3d at 152–54 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result")).
[14] R. Doc. 6.
[15] *Id.* (citing 955 F.3d 482, 487 (5th Cir. 2020)).
[16] R. Doc. 6-2.

defending a suit in a foreign state.[17] Thus, Plaintiff asserts that allowing a forum defendant to remove the suit "turns the purpose of the removal statute on its head."[18] In addition, Plaintiff provides a timeline showing that the process server certified that he had personally served the Defendant's agent of service on August 4, 2021.[19] Plaintiff argues that the return of Citation provided by the Sheriff's Office serves as prima facie evidence of service on the Defendant and that Defendant fails to refute this. Further, Plaintiff argues that Defendant's Notice of Removal is an attempt to controvert the representation of the Orleans Parish Deputy and is nothing more than a "charade" and "gamesmanship."[20]

Defendant has filed a Response.[21] Defendant argues that the Fifth Circuit's decision in *Texas Brine* should be extended to allow for removal in this matter. In support, Defendant advises that multiple Texas federal courts have allowed forum defendants to snap remove a case if they were not properly served. Defendant emphasizes that it was not properly served as of the time of removal. In support of this contention, Defendant provides a Joint Stipulation in which the parties stipulated that the registered agent for New Orleans Paddlewheels, Inc., Craig Smith, was not personally served with the Citation or the Petition, as well as an

---

[17] *Id.*
[18] *Id.*
[19] As discussed more fully in the Defendant's Response as well as in the Analysis section of this Order, counsel have subsequently stipulated that Defendant's agent of service was not properly served on August 4, 2021. *See,* R. Doc. 8-1. The Court is left to surmise that the certification made by the process server on August 4, 2021 was in error.
[20] R. Doc. 6-2.
[21] R. Doc. 8.

affidavit from the New Orleans Paddlewheels, Inc. employee who received service of the Citation and Petition.[22]

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[23] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[24] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[25] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[26] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[27] The removing party has the burden of proving federal diversity jurisdiction.[28] Remand is proper if at any time the court lacks subject matter jurisdiction.[29]

"A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

---

[22] *See* R. Doc. 8-1; *see also* R. Doc. 8-2.
[23] 28 U.S.C. § 1441(a).
[24] 28 U.S.C. § 1332(a)-(a)(1).
[25] 28 U.S.C. § 1446(b)(2)(A).
[26] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *see also Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").
[27] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[28] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[29] *See* 28 U.S.C. § 1447(c).

pleading setting forth the claim for relief upon which such action or proceeding is based…"[30] However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[31]

### III. ANALYSIS

#### A. Service on Defendant

Plaintiff and Defendant agree there is complete diversity and that the amount in controversy exceeds the sum of $75,000. Therefore, the Court limits its analysis to whether the defendant had been properly joined and served and, further, if defendant's removal was proper.

In Louisiana, service of Citation on a domestic or foreign limited liability company must be made by personal service on its registered agent.[32] La. C.C.P. art. 1266(B) designates a limited number of exceptions when service on someone other than the registered agent may be acceptable.[33] These exceptions arise when the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve

---

[30] 28 U.S.C. § 1446(b)(1).
[31] 28 U.S.C. § 1446(b)(3).
[32] La. C.C.P. art. 1266.
[33] La. C.C.P. art. 1266(B).

the designated agent.[34] Louisiana courts have held that service on a non-registered agent is not legally sufficient.[35] Further, in cases where there is no certification of an unsuccessful due diligence attempt to serve the agent in the record, courts have determined that substituted service on a secretary is insufficient.[36]

Plaintiff stresses that a return of Citation or other process is prima facie evidence of service.[37] Accordingly, official returns of public officers sworn to properly serve process are given great weight, and the burden rests on those who attack the returns to establish their incorrectness.[38] Plaintiff argues that Defendant has the burden of proving that the Sheriff's Office's representation that personal service was made on the Defendant's agent for service of process was inaccurate.

Here, Defendant meets that burden. The parties have jointly stipulated that service was rendered upon a female employee of New Orleans Paddlewheels, Inc., and not the company's agent of service, Craig Smith.[39] Defendant has also provided a sworn statement from New Orleans Paddlewheels, Inc.'s agent of service, Mr. Smith, who states that he has still not received service of process of the present suit.[40]

---

[34] *Id.*
[35] *See Barrow v. Fair Grounds Corp.*, 00–0873 (La. Ct. App. 4 Cir. 3/7/01), 782 So.2d 697 (holding that service on a receptionist of a registered agent was not legally sufficient); *see also Gerhardt's v. American Diesel Equipment, Inc.*, 569 So.2d 80 (La. Ct. App. 4 Cir. 1990) (finding that service on a corporation's manager-employee was not legally sufficient where the corporation's registered agent had not died, resigned or been removed, but was merely temporarily absent from the state and the date of his return was unknown).
[36] *Kallauner v. One Source Const., LLC*, 995 So. 2d 59, 62 (La. Ct. App. 4 Cir. 2008) (finding that service on the secretary of a company's registered agent is not tantamount to personal service on the registered agent himself and is not legally sufficient).
[37] *See* R. Doc. 8; *see also* La. C.C.P. Art. 1292.
[38] *Martinez v. Silverman*, 288 So.2d 88 (La. Ct. App. 4 Cir. 1974).
[39] R. Doc. 8-1.
[40] *See* R. Doc. 1-2.

Defendant has further provided an affidavit from Petre E. Turner, the New Orleans Paddlewheels employee who received the Citation and Petition from the civil sheriff for the present case.[41] Ms. Turner advises that Mr. Smith was not in the office on August 4, 2021 and was not available to receive service on that day.[42] She confirmed that she received the Citation and Petition from a civil sheriff on August 4, 2021.[43] In contrast, Plaintiff has provided no evidence that it ever served Defendant's registered agent, including no evidence of Orleans Parish Deputy Sheriff Keith Claiborne's due diligence to locate Defendant's registered agent. While the return of service by the Sheriff's Office ordinarily serves as prima facie evidence of service, here the parties' joint stipulation, coupled with the supporting affidavits, serve as direct evidence that service was not effected on Defendant's agent, as required by Louisiana law. As a result, the Defendant, New Orleans Paddlewheels, Inc., was not properly served.

### B. Snap Removal by a Forum Defendant Before Service

28 U.S.C. § 1441 authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[44] Under subsection (b) of the statute, known as the forum defendant rule, "a civil action otherwise removable solely on the basis of the jurisdiction under § 1332(a) of this title [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which

---

[41] R. Doc. 8-2.
[42] *Id.*
[43] *Id.*
[44] 28 U.S.C. § 1441(a).

such action is brought."[45] Relying on the text of the statute, non-forum defendants who have not properly served have removed cases to federal court. This process of removal is referred to as "snap removal" and has been upheld by the Fifth Circuit. In *Delgado v. Shell Oil Co.*, the Fifth Circuit upheld the right of a non-forum defendant to remove a case to federal court prior to formal service.[46] The Fifth Circuit has further defined this right of snap removal. In *Texas Brine Co. LLC v. Am. Arbitration Ass'n.* the Fifth Circuit allowed snap removal by a non-forum defendant based upon the lack of service upon a forum defendant prior to removal.[47] The Fifth Circuit, after a thorough review of the statute, found the text of the statute unambiguous. Further, the Court rejected the plaintiff's argument that allowing for removal would lead to an absurd result or result in an abuse of the statute. Thus, the Court held that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."[48]

The Fifth Circuit's ruling in *Texas Brine* has been upheld in the Eastern District of Louisiana. In *Hotard v. Avondale Indus.*, Judge Brown explained "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum

---

[45] 28 U.S.C. § 1441(b)(2).
[46] 231 F.3d 165 (5th Cir. 2000).
[47] 955 F.3d 482, 487 (5th Cir. 2020).
[48] *Id.*

state."⁴⁹ Similar decisions within this court were issued in *Henry v. Clarkson*⁵⁰ and *Ellis v. Miss. Farm Bureau Cas. Ins. Co.*⁵¹

Here, the Court is confronted with a slightly different issue than that presented in *Texas Brine*, namely: whether a forum-defendant can snap remove a proceeding to federal court prior to service. The Court looks to existing precedent within the Fifth Circuit for guidance.

Following *Texas Brine,* a series of district court decisions in the Fifth Circuit have extended the logic of the Fifth Circuit's decision to allow a forum defendant to snap remove a case to federal court if they have not yet been properly served. In *Latex Construction Company v. Nexus Gas Transmission, LLC*, a court in the Southern District of Texas, after a thorough analysis of the plain language of § 1441(b)(2), held that snap-removal by a forum defendant before it had been properly served was allowable.⁵² The Court explained that whether "§ 1441(b)(2) was meant to be a bright-line rule keyed on whether a forum defendant has been served" and that there was no reason for the court to "add a layer of complexity to this statute by limiting its application to instances in which a non-forum defendant has already been served."⁵³ The court further noted that the Fifth Circuit in *Texas Brine* had relied on cases allowing for snap removal by a forum defendant, including a case in which the removing party was the sole defendant.⁵⁴ Notably, the Fifth Circuit in *Texas Brine*

---

⁴⁹ No. 20-1877, 2020 WL 5088639, at 10 (E.D. La. Aug. 28, 2020).
⁵⁰ No. 20-2628, 2020 WL 7245065, at 3-4 (E.D. La. Dec. 9, 2020).
⁵¹ No. 20-1012, 2020 WL 2466247, at 9 (E.D. La. May 13, 2020).
⁵² No. 4:20-1788, 2020 WL 3962247 (S.D. Tex. July 13, 2020).
⁵³ *Id.*
⁵⁴ *Id.* (citing *Texas Brine*, 955 F.3d at 486 (citing *Encompass* 902 F.3d 147); *see also Gibbons*, 919 F.3d at 706.

referenced with approval the Third Circuit's reasoning in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case "gives meaning to each word and abides by the plain language [of the statute]."[55]

Similarly, the Northern District of Texas *in Serafini v. Southwest Airlines Co.* also examined the question of whether snap removal is proper when the removing party is the sole defendant and a forum defendant.[56] In *Serafini*, the court upheld forum defendant Southwest Airlines' removal of the case to federal court because it had not been properly joined and served at the time of removal.[57] The court explained that "[u]nder the statute's [§ 1441(b)(2)] plain text, a forum defendant may engage in snap removal when it is the sole defendant."[58]

Finally, the court in *Mirman Group, LLC v. Michaels Stores Procurement Company, Inc.*, upheld the removal of the case by a forum defendant who had not yet been properly served with process.[59] The court explained "Absent controlling authority to the contrary, this court is bound by *Texas Brine*. It therefore concludes that § 1441(b)(2) does not preclude removal because Mirman and Michaels are

---

[55] *Id.* (citing 902 F.3d 147).
[56] 485 F. Supp 3rd 697 (N.D. Tx. 2020).
[57] *Id.* at 701. The court explained that "[e]xtending the *Texas Brine* reasoning as the *Latex Construction* court did, this Court also holds that '[t]he plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant have been served before effecting removal of a case from state court.' Under the statute's plain text, a forum defendant may engage in snap removal when it is the sole defendant. Therefore, Southwest's removal was proper. In the statute's words, the case was 'otherwise removable,' because this Court has original jurisdiction of a case originally filed in Texas state court in which the parties are diverse."
[58] *Id.*
[59] No. 3:20-CV-1804-D, 2020 WL 5645217 (N.D. Tex. Sep. 22, 2020) (Slip copy).

completely diverse citizens, and although Michaels, the sole defendant, is a citizen of the forum state, it removed the case before it was served with process."[60]

While the Court is aware that the rulings from other district courts are not controlling, their reasoning and analysis is persuasive. The Court begins and ends with the text itself for its finding. 28 USC § 1441(b)(2) states "a civil action otherwise removable solely on the basis of the jurisdiction under § 1332(a) of this title [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[61] Giving meaning to each word in the text, the Court finds that Defendant was not "properly joined and served" as a defendant. Indeed, the parties have stipulated that Defendant's agent of service was not served.[62] The Court rejects Plaintiff's argument that allowing for removal "violates the letter and spirit" of the law.[63] Instead, the Court is satisfied that its holding does the contrary and conforms with the letter of the law and further does not lead to an absurd result. In the present case, Plaintiff is a Tennessee resident and Defendant, the sole defendant, is a Louisiana corporation with its principal place of business in Louisiana, thus there is complete diversity of citizenship.[64] In addition, the amount in controversy exceeds $75,000.[65] Accordingly, the requirements for diversity of citizenship are met.

---

[60] *Id.* at *2.
[61] 28 U.S.C. § 1441(b)(2).
[62] *See* R. Doc. 8-1
[63] R. Doc. 6.
[64] R. Doc. 1-4.
[65] *Id.*

Importantly, as determined above, Defendant was not properly served. The Fifth Circuit has upheld the right of a defendant to remove a case to federal court prior to formal service.[66] The Court also notes that the Fifth Circuit's decision in *Texas Brine* relied upon case law that allowed forum defendants to snap remove cases to federal court.[67] This Court has determined that the text of 28 USC § 1441(b)(2) is unambiguous. Applying the text as written by Congress, and since the sole defendant—which happens to be a forum defendant—was not properly served, removal was procedurally proper.

Accordingly, Defendant's removal of this case was proper.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Margaret Chastain's Motion to Remand is **DENIED**.

New Orleans, Louisiana, November 30, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[66] *Delgado*, 231 F.3d 165.
[67] The Fifth Circuit in *Texas Brine* cited a comment by the Second Circuit: "[w]e agree with a comment made by the Second Circuit: 'By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.'" *Texas Brine*, 955 F.3d at 486 (quoting *Gibbons*, 919 F.3d at 705).