UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARGARET CHASTAIN** | * | **CIVIL ACTION NO. 21-1581** |
| **Plaintiff** | * | **SECTION: "D" (5)** |
| versus | | |
| | * | **JUDGE: WENDY B. VITTER** |
| **NEW ORLEANS PADDLEWHEELS, INC.** | * | |
| | | **MAGISTRATE: MICHAEL B. NORTH** |
| **Defendant** | * | |

## AMENDED COMPLAINT

The Amended Complaint of Margaret Chastain alleges as follows:

I.

Plaintiff, Margaret Chastain, filed her original suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, solely against the original defendant herein, New Orleans Paddewheels, Inc.

II.

Defendant removed plaintiff's suit based upon diversity of citizenship. Although plaintiff acknowledges that the parties to this suit are diverse, plaintiff claims that removal jurisdiction does not exist as the right of removal does not arise in favor of a sole domestic defendant.

III.

Plaintiff sought remand, which motion was denied, the Court having ruled that it may

exercise diversity jurisdiction via removal.

IV.

Plaintiff does not contest the fact that the parties to this suit are diverse and plaintiff concedes that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. As instructed by the Court, plaintiff points out that she is a citizen of the State of Tennessee and that the original defendant, New Orleans Paddlewheels, Inc., is a Louisiana corporation having its principal place of business in Louisiana.

V.

Added as a defendant is Ascot Insurance Company, a New York insurance corporation, having its principal place of business in New York. Although plaintiff specifically does not invoke the Court's diversity jurisdiction and continues to maintain that removal jurisdiction was not properly invoked, plaintiff shows that an insurance corporation sued in a direct action takes on the citizenship of its insured pursuant to 28 USC 1332(c)(1), here, Louisiana: thus, complete diversity remains with the joinder of this defendant.

VI.

Ascot Insurance Company, at all material times, was the liability insurer of the defendant, New Orleans Paddlewheels, Inc.; and, by virtue of the policy which it issued, is liable *in soldo* along with its insured.

VII.

On March 4, 2020, plaintiff was a fee paying passenger aboard the M/V Creole Queen, a passenger vessel owned and operated by New Orleans Paddlewheels, Inc.

VIII.

While aboard the M/V Creole Queen as aforesaid, the vessel was cruising down the Mississippi River to the Chalmette Battlefield within this parish and state, when an announcement was made over the vessel's PA system advising passengers that the ship was preparing to dock at the Chalmette Battlefield and that this would be a good opportunity for passengers to head to the ship's bar for a drink.

IX.

Having heard the aforesaid announcement, plaintiff headed toward the bar which necessitated descending an interior stairway on the vessel.

X.

As plaintiff began the process of descending the stairway, the vessel violently jolted as it struck the mooring facility causing her to lose her balance and tumble down the stairs, striking her head and other parts of her body in the process.

XI.

As a consequence of the incident described above, plaintiff has sustained serious, permanent, painful and disabling injuries for which damages are claimed from defendant including past and future medical expenses, past and future physical pain and suffering and

past and future mental anguish, emotional distress, disability and loss of enjoyment of life; plaintiff hereby claims all such sums as will fully and fairly compensate her for these injuries and losses and in such amount as maybe determined by the finder of fact at the time of trial.

XII.

Plaintiff is entitled to and hereby demands trial by jury with regard to all issues.

WHEREFORE, plaintiff, Margaret Chastain, prays that the defendants be cited and served with a copy of this amended complaint compelling them to appear and answer same and, after all due proceedings had herein, that judgment be entered in favor of plaintiff for all losses itemized above, together with all costs of these proceedings, interest from the date suit was originally filed in state court, and any and all other relief which may be available under the circumstances.

Respectfully submitted:

*/s/ Scott E. Silbert*
SCOTT E. SILBERT (#12068)
Silbert, Pitre & Friedman
909 Poydras Street, Suite 2130
New Orleans, Louisiana 70112
Ph: (504) 581-6200
Fx: (504) 584-5270
Email: Scott@spflawyers.com
COUNSEL FOR PLAINTIFF,
MARGARET CHASTAIN

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been duly served on all counsel of record by filing with the Court's electronic filing system on this 11th day of January, 2022.

/s/ Scott E. Silbert
SCOTT E. SILBERT